JOHN CETNAR, Plaintiff-Appellee, v. E. ALLEN BERNARDI, Indiv. and as Director of Labor, *et al.*, Defendants-Appellants (Allied Tube & Conduit Corporation, Defendant).

First District (3rd Division)   No. 85—2695

Opinion filed June 18, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Rita M. Novak, Assistant Attorney General, of Chicago, of counsel), for appellants.

Schwartz & Rubin, of Chicago (Martin J. Rubin and Stephen J. Caron, of counsel), for appellee.

PRESIDING JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, John Cetnar, brought an administrative review action in the circuit court of Cook County seeking reversal of a decision of defendant Department of Labor, Board of Review (Board). The Board had found, pursuant to section 602(B) of the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1983, ch. 48, par. 432(B)), that plaintiff's benefit rights based upon wages earned prior to the date of his discharge could not accrue to him because he admitted having committed a job-related theft. The circuit court reversed the decision of the Board, and the Board has appealed, contending that the court employed an

erroneous construction of section 602(B). We affirm.

Plaintiff was employed as an electrician by Allied Tube & Conduit Corporation (employer) from August 12, 1968, until June 21, 1982, when he and several other employees, including management personnel, were discharged for misappropriating company property and falsifying timecards. The terminations represented the culmination of an investigation initiated by the employer when it discovered that certain materials and employees, which were destined for arrival at its other plants, did not in fact arrive at their destinations. The investigation revealed that a large-scale construction project was being carried out at the residence of the maintenance superintendent, and that employees were working on that project on company time, using materials transported from the employer's plants.

The employer opposed plaintiff's claim for unemployment compensation benefits, and the claims adjudicator found him ineligible for benefits under section 602(B) of the Act, based on a finding that plaintiff had submitted a written admission of having committed a job-related theft. Section 602(B) provides, in pertinent part:

"[N]o benefit rights shall accrue to any individual based upon wages from any employer for service rendered prior to the day upon which such individual was discharged because of the commission of a felony in connection with his work, or because of theft in connection with his work, for which the employer was in no way responsible; *provided, that \*\*\* the individual has admitted his commission of the felony or the theft* to a representative of the Director, or has signed a written admission of such act \*\*\* or such act has resulted in a conviction by a court of competent jurisdiction \*\*\*." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 48, par. 432(B).)

Plaintiff's written statement, which the claims adjudicator characterized as an admission, stated that on certain occasions, plaintiff's general foreman would send him out of the employer's plant to work on private property and would tell him what materials he needed for the job. Plaintiff would punch in for the day, then give his timecard to the foreman. Plaintiff maintained that he was given authorization by his foreman to remove materials from the plant and specifically stated, "I have not taken any materials from Allied Tube without authorization." In a request for reconsideration of the claims adjudicator's decision, plaintiff stated that he had been unjustly accused of theft and that he had never signed an admission of theft or misappropriation of company assets. The request for reconsideration was denied, and plaintiff appealed to a hearing referee.

A hearing was conducted, at which plaintiff appeared *pro se*. The employer's representative testified as to the construction project at the maintenance superintendent's residence and to plaintiff's part in removing materials from the plant and performing work at the residence. The representative also testified that timecards had been routinely manipulated to award plaintiff overtime pay for hours which he had not in fact worked. He then introduced into evidence a report prepared by Arthur Andersen & Co. which stated that in several instances, the hours reported on the employee timecards exceeded the hours reported on the foreman's attendance logs. With respect to plaintiff, the discrepancy amounted to 402.5 hours, which, at plaintiff's regular rate of pay, translated to approximately $4,600.

Plaintiff testified that since the time he began working for the employer in August of 1968, it was customary for maintenance-department workers to work off the company premises at the homes of management personnel. Shortly after he was hired, plaintiff worked at the residence of the owner of the company. This testimony was unrebutted. Plaintiff further testified that after punching in his timecard, he would give it to his foreman. From that point, he did not have access to the card until the next day.

The hearing referee affirmed the denial of benefits under section 602(B), finding that plaintiff had admitted to misappropriating company assets. This decision was subsequently affirmed by the Board, which found that plaintiff's removal of property from company premises constituted job-related theft and that his assertion that he did not know he was doing anything wrong was not credible. Plaintiff then filed a complaint for administrative review, and the circuit court reversed the Board's determination on the grounds that plaintiff never admitted committing theft and that the Board failed to find, as required by section 602(B), that the employer was in no way responsible for the theft.

On appeal, the Board contends that the circuit court erred in finding that plaintiff's statements concerning his removal of property from company premises at the direction of his foreman did not constitute an admission of theft within the meaning of section 602(B) of the Act. It argues that, contrary to the court's interpretation, the statute does not require the employee to confess to each element of the offense of theft, but rather merely to admit underlying facts from which his guilt of theft may be inferred.

■ The purpose of the Unemployment Insurance Act (Ill. Rev. Stat. 1983, ch. 48, par. 300 *et seq.*) is to provide benefits to workers coming within its provisions for unemployment not occasioned with

their consent or brought about by their fault. (*Grobe v. Board of Review* (1951), 409 Ill. 576, 583-84, 101 N.E.2d 95, 99.) In furtherance of this purpose, section 602 of the Act expressly restricts unemployment benefits under two distinct sets of circumstances. Section 602(A) provides that termination of employment resulting from "misconduct connected with *** work" shall disqualify a claimant from eligibility for benefits for a specified period of time immediately following termination. (Ill. Rev. Stat. 1983, ch. 48, par. 432(A).) In contrast, section 602(B) provides that an individual may lose all accumulated unemployment insurance benefits as a result of a discharge based upon the commission of a job-related felony or theft. (Ill. Rev. Stat. 1983, ch. 48, par. 432(B).) However, because the penalty imposed under section 602(B) is so much more severe than that imposed under section 602(A), the statute requires a far stricter standard of proof to sustain a section 602(B) disqualification. Specifically, such disqualification may not be imposed unless the employee has either admitted his commission of the felony or theft or has been convicted of the offense by a court of competent jurisdiction. Furthermore, in the case of a discharge based on job-related theft, section 602(B) requires a showing that the employer was in no way responsible for the theft.

The offense of theft, insofar as it pertains to the instant factual setting, is defined as the knowing exercise of unauthorized control over property of the owner with the intent to permanently deprive the owner of its use or benefit. (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(a)(1).) Proof that the person accused of theft acted knowingly is an essential element of the offense. *People v. Sherman* (1982), 110 Ill. App. 3d 854, 859, 441 N.E.2d 896, 900.

■ The record here clearly establishes that throughout the course of the administrative proceedings, plaintiff maintained that he believed he was authorized to remove materials from the employer's plants and to use them in performing work at the homes of management personnel. The Board contends that section 602(B) should not be interpreted as requiring the employee to admit to each essential element of the offense of theft, but rather, simply to admit to certain facts from which his guilt of theft may be inferred. In our judgment, this interpretation would contravene the plain meaning of the statute, which restricts its application to those situations in which "the individual has admitted his commission of the felony or theft." (Ill. Rev. Stat. 1983, ch. 48, par. 423(B).) A cardinal rule of statutory construction is to look to the plain meaning of the language used. If the language is clear, the court must give it effect and not look to extrinsic aids for construction. (*In re Marriage of Logston* (1984), 103 Ill. 2d

266, 277, 469 N.E.2d 167, 171.) Had the legislature intended section 602(B) to require only an admission of acts from which guilt could be inferred, it could have drafted the statute using that language. Thus, we conclude that section 602(B) is properly interpreted as requiring the employee to admit facts sufficient to satisfy each essential element of the felony or theft which formed the basis of his discharge.

The Board next contends that since it found that plaintiff's testimony concerning his innocent intent was not credible, such testimony may be treated as an admission. We cannot accept this contention. A denial of guilt, no matter how incredible, does not constitute an admission.

Moreover, section 602(B) clearly requires that in cases involving a discharge based on job-related theft, there be a demonstration that the employer was in no way responsible for the theft. The Board made no such finding here, nor do we believe that the facts would support such a finding. Plaintiff's unrebutted testimony was that it was customary for maintenance-department workers to perform work at the residences of management personnel. Plaintiff testified that in the early years of his employment he performed such work at the home of the company's owner. These facts lead to the conclusion that the employer countenanced such activity. We therefore agree with the circuit court's ruling that plaintiff was improperly denied unemployment benefits pursuant to section 602(B).

The Board further argues that if we hold section 602(B) inapplicable, we should affirm the denial of benefits under section 602(A), which provides that a discharge resulting from "misconduct connected with work" shall disqualify a claimant from eligibility for benefits for a specified time immediately following his termination. (Ill. Rev. Stat. 1983, ch. 48, par. 432(B).) Having failed to request such alternative relief in the circuit court, the Board is precluded from raising the issue on appeal. *Nguyen v. Johnson Machine & Press Corp.* (1982), 104 Ill. App. 3d 1141, 1151, 433 N.E.2d 1104, 1112.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.